That an action will lie against an administrator or executor upon a promise to pay in consideration of assets seems pretty clear from the following cases: Trewiniah v. Howell, Cro. Eliz., 91; Atkinsv. Hill, Cowp., 284; Hawkes v. Saunders, Cowp., 289; 1 Ves., 125. It is true, the cases cited from Cowper are cases of legacies sued for, and although they have been much shaken, if not overruled, by Dicks v. Street, 5 Term, 690, the principle of decision in the latter case was upon a different ground from that now before the Court. Two out of three of the judges held that an action would not lie at common law for a legacy, because courts of law had no power to compel a husband, who (680) sued for his wife's legacy, to make a settlement upon her; but a court of equity had. Not any of the reasoning in that case applies to debts which an executor or administrator promises to pay in consideration of assets. If they have money in hand, there is no reason why they should not pay; if they have property, which they use diligence in converting into money, and some accident happen to it not within their control; or if, in the meantime, they have notice of debts of higher dignity, they ought to be at liberty to show these things in their defense. See Coke, in WilliamBane's case, 9 Coke, 94. The promise, as was said by Lord Mansfield inCleverly v. Brett and another, executors, 5 Term 8, note, eases the creditor from proving assets, and throws the onus on the other side. I think there ought to be a judgment for the plaintiff. *Page 485